UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY SCOTT MARTIN a/k/a H.R.H. THE PRINCE PERRY, | § | |
| *Petitioner*, | § | |
| | § | Civil Action No. 3:26-CV-3791-X |
| v. | § | |
| CITY OF DALLAS, et al., | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Perry Scott Martin a/k/a H.R.H. The Prince Perry's (Prince Perry) Motion for Temporary Restraining Order (TRO) (Motion). (Doc. 5). Prince Perry does not alert the Court to anything or anyone he wants a TRO or Preliminary Injunction from or to protect against. So the Court **DENIES** the TRO request.

Federal Rule of Civil Procedure 65 sets forth the requirements for a TRO. "[S]pecific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[1] A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant

[1] FED. R. OF CIV. P. 65(b)(1)(A).

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

this extraordinary relief, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

A plaintiff must demonstrate that "irreparable injury is *likely*" without a TRO.[4]

As far as the Court can tell, Prince Perry's complaint states he has been "harrassed [sic] for being a Royal Family Member by the Dallas Police Department," his "Civil Rights have been violated as a sovereign," his "Immunity enfringed [sic] upon and denied," and his "Bona Fide name damaged."[5] But in his Motion for a TRO, Prince Perry alleges no injury, loss, or damage that will occur to him if the Court fails to issue a TRO.[6] He certainly does not allege that any injury, loss, or damage is *likely*. While being told he is not a member of a royal family might be insulting to Prince Perry, the Court cannot find any facts in Prince Perry's Motion that comport with Rule 65's requirements.

The Court therefore **DENIES** Prince Perry's TRO request.

**IT IS SO ORDERED** this 30th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023)

[5] Doc. 3 at 4.

[6] *See* Doc. 5.